## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM A. WILKINS,
　　　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE ARMY,
　　　　　　　Agency.

DOCKET NUMBER
DC-0752-17-0238-I-1

DATE: October 7, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>William A. Wilkins</u>, Hanau, Hessen, Germany, pro se.

<u>Scott Stauffer</u>, APO, AE, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2    On January 9, 2017, the appellant, appearing pro se, filed an appeal challenging the agency's action removing him effective October 15, 2016. Initial Appeal File (IAF), Tab 1. On his appeal form, the appellant certified as true that he received the removal decision on December 12, 2016, and he indicated that he did not want a hearing on his appeal. *Id.* at 2-3, 7. Because the appeal appeared to have been untimely, the administrative judge ordered the appellant to show that the appeal was timely filed or that he had good cause for his untimely filing. IAF, Tab 3. The appellant did not respond to the timeliness order.

¶3    The agency responded to the order by moving that the appeal should be dismissed because the appellant filed his appeal long after the filing period expired. IAF, Tab 6 at 6. In support of its motion, the agency provided a stamped U.S. Postal receipt, confirming that the removal decision letter was mailed to the appellant's forwarding address on October 13, 2016. *Id.* at 19-20. However, the agency did not provide any documentation confirming delivery. A search on the U.S. Postal Service website, usps.com, of the tracking number on the postal receipt revealed that the letter was "return[ed] to sender" without explanation.[2] The U.S. Postal Service returned it to the agency on October 20, 2016.

¶4    The administrative judge issued an initial decision, dismissing the appeal as untimely filed without good cause shown. IAF, Tab 7, Initial Decision (ID) at 3. She found that the decision letter notified the appellant with notice of his appeal rights and instructions for timely filing his appeal, and that the effective date of

---

[2] Although the U.S. Postal Service tracking report is not part of the record, it is publicly available and therefore we take official notice of it. *See* 5 C.F.R. § 1201.64 (providing that an administrative judge may take official notice of matters of common knowledge or that can be verified).

his removal was October 15, 2016. The administrative judge also found that the appellant's appeal was untimely filed on January 9, 2017. ID at 1, 3. The administrative judge found, moreover, that the appellant failed to support his claim that he did not receive the removal decision until December 12, 2016, or to otherwise show good cause for his filing delay. ID at 3.

¶5     The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to his petition, and the appellant has filed a reply. PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6     On review, the appellant argues that his filing delay was caused by a medical condition and he submits supporting medical documentation with his petition. PFR File, Tab 1 at 2-19, Tab 5 at 2-5. In response, the agency argues that the Board should deny the petition for review because the appellant failed to respond to the administrative judge's timeliness order, and he has not shown that the evidence he submits on review is new and material or previously unavailable. PFR File, Tab 4 at 6-7. Although the appellant did not respond to the administrative judge's order regarding timeliness, we find that the record on appeal was sufficient to conclude that his appeal was timely filed for the reasons discussed below. Thus, we need not consider the appellant's evidence and argument on review that his medical condition provided good cause to waive the filing deadline. *See* 5 C.F.R. § 1201.115(d) (providing that a petition for review may be granted based on a showing that new and material evidence is available that, despite the petitioner's due diligence, was not available when the record closed); *see also Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998) (setting forth the elements that a party must prove to establish that an untimely filing was the result of an illness).

¶7     To be timely, an appellant must file his appeal within 30 calendar days after the effective date of the challenged action or receipt of the agency's decision,

whichever is later. *See* 5 C.F.R. § 1201.22(b)(1). Properly addressed correspondence sent to the appellant via postal or commercial delivery generally is presumed to have been duly delivered to the addressee. *See* 5 C.F.R. § 1201.22(b)(3).

¶8    Here, the appellant stated on his appeal form that he received the agency's removal decision letter on December 12, 2016. IAF, Tab 1 at 3. He also averred that the contents of his appeal form were true. *Id.* at 7. The administrative judge dismissed the appeal as untimely filed based in part on the appellant's failure to respond to her timeliness order. ID at 3. In dismissing the appeal, however, the administrative judge did not explicitly identify the appellant's deadline for appealing his removal to the Board. Thus, the basis for the administrative judge's finding that the appeal was untimely filed is unclear. Nonetheless, it appears that she found that the agency delivered the removal decision letter to the appellant before the October 15, 2016 removal date identified in the letter, and that he should be deemed to have received it before the December 12, 2016 receipt date that he certified on his appeal form. ID at 3.

¶9    We disagree with the administrative judge's finding that this appeal was untimely filed because there is no evidence in the record either that the appellant received the removal decision before the effective date of his removal or discrediting his certification on his appeal form that he received the removal decision on December 12, 2016. Although the Board generally presumes that documents placed in the mail are received in 5 days, that presumption was rebutted here by the appellant's certified statement that he received the decision later. *See Cabarloc v. Department of Veterans Affairs*, 110 M.S.P.R. 695, ¶¶ 7-8 (2009); 5 C.F.R. §§ 1201.22(b)(3), 1201.23. Moreover, as stated above, the decision letter that the agency sent to the appellant on October 13, 2016, was returned. IAF, Tab 6 at 19. The agency submitted no proof of delivery. Based on the record, we therefore find that the appellant proved that he received the decision letter on December 12, 2016, requiring that he file his appeal on or

before January 11, 2017, within 30 days of receiving the decision.  *See* 5 C.F.R. § 1201.22(b)(1).  The appellant filed his appeal on January 9, 2017, before the filing deadline.  Accordingly, we find that his appeal was timely filed.

## ORDER

¶10     For the reasons discussed above, we vacate the initial decision and remand this case to the Board's Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                /s/ for

                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.